UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:20-CR-336 SRC |
| **STEPHON D. CLARK,** | ) |
| | ) |
| Defendant. | ) |

## SENTENCING MEMORANDUM

Life has not been easy for Stephon Clark or his siblings. His mother and father were 17 years old when he was born. His father abandoned his mother with her new baby and never provided any financial or emotional support to either of them. To this day, he has no contact with his father. His mother did her best to raise 4 children with limited financial resources. Money was always an issue and the family constantly moved from apartment to apartment or a relative's house due to eviction notices. Stephon's mother would decide what bill would get paid and what bill could not be paid. Gas and electric service were often turned off. The neighborhoods the family could afford to live in were infested with gangs, drugs and violence. At the age of 12, Stephon left home and lived on the streets, at a friend's house or in juvenile detention. A young Stephon witnessed many people being assaulted and was himself the victim of a shooting.

His schools changed from year to year depending on the family's current address. The last grade he successfully completed was the 6th grade. Stephon has a learning disability that required him to attend special education classes. He has difficulty reading and writing. Defense counsel reads all the documents to him and asks questions to make sure he understands the legal process.

Stephon suffers from several mental health related illnesses. He was diagnosed with Attention Deficit Hyperactivity Disorder, Depression and Bipolar Disorder and possibly Schizophrenia. He has been prescribed medication to combat these illnesses. Unfortunately, due to his mother's limited financial resources, Stephon was not always able to afford his medication. There have been periods where he could not take his medicine because they had no money to buy it.

Paragraph ninety-one (91) of the Presentence Investigation Report, **FACTORS THAT MAY WARRANT DEPARTURE** states the Court may want to consider Stephon Clark's age in determining an appropriate sentence. Pursuant to USSG §5H1.4, age may be relevant in determining whether a downward departure is warranted. Stephon was 18 years old when he committed the instant offenses. His youth, immaturity and abandonment by his father may have contributed to his involvement in criminal activity.

Paragraph ninety-four (94) of the Presentence Investigation Report, **FACTORS THAT MAY WARRANT A SENTENCE OUTSIDE OF THE ADVISORY GUIDELINE SYSTEM**, discusses Stephon's personal and family data. It states that the Court may wish to consider a downward variance when taking into account the factors outlined in Section 18 U.S.C. § 3553(a).  This section permits the sentencing court to consider the history and characteristics of the defendant when considering a sentence outside of the advisory guideline system.

Stephon Clark has demonstrated personal responsibility by not fathering any children out of wedlock. Understanding his own upbringing, he elected not to subject a child to a similar lifestyle.

WHEREFORE, the defendant respectfully requests this Honorable Court grant a downward departure or sentencing variance that it deems just and reasonable in light of the previously mentioned factors stated in this sentencing memorandum.

    Respectfully submitted,

     /S/ JOSEPH M. HOGAN  
    Joseph M. Hogan, 47008MO  
    Attorney for Defendant  
    7751 Carondelet, Ste. 700  
    Clayton, Missouri 63105  
    (314) 863-9898  
    jmhogan4090@sbcglobal.net

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically delivered to:

United States Attorney's Office
111 South 10th Street
St. Louis, Missouri 63102

This 9th day of May 2021.

                                          /S/  JOSEPH M. HOGAN